**The below described is SIGNED.**

**Dated: September 28, 2012**

*William J. Thurman*

**WILLIAM T. THURMAN**
**U.S. Bankruptcy Chief Judge**



# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF UTAH
## CENTRAL DIVISION

| | |
|---|---|
| **In re:** | |
| **RANDY GUY MERRICK** and **CHRISTINE MERRICK**, | Bankruptcy No. 10-21077 |
| Debtors. | Chapter 13 |
| **RANDY GUY MERRICK** and **CHRISTINE MERRICK,** | |
| Plaintiffs, | Adversary Proceeding 11-02528 |
| v. | |
| **CAPCAR REALTY 1.1, LLC**, a Delaware limited liability company | |
| Defendant. | |

### MEMORANDUM DECISION REGARDING
### CROSS MOTIONS FOR SUMMARY JUDGMENT

This matter came before the Court on cross motions for summary judgment to determine whether the defendant's claim against the debtors should be disallowed pursuant to 11 U.S.C. § 502.[1]

---

[1] Unless otherwise stated, the reference to Sections shall apply to Title 11 of the United States Code.

The Court conducted a hearing on this matter on August 16, 2012, in which Stewart Merrick appeared on behalf of the plaintiffs/debtors Randy Guy and Christine Merrick (the "Merricks" or the "Debtors") and George Hoffman appeared on behalf of the defendant, CapCar Realty 1.1, LLC ("CapCar"). At the conclusion of the hearing, the Court took this matter under advisement to determine whether either party should prevail as a matter of law in this adversary proceeding.

After careful review of the statutory authority, the case law, and the parties' briefs and arguments, the Court issues the following Memorandum Decision.[2]

## I.    JURISDICTION AND VENUE

This Court has jurisdiction over the subject matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is appropriate under 28 U.S.C. § 1408. Notice of the hearing on these cross motions is found to be appropriate and adequate.

## II.   PROCEDURAL BACKGROUND AND FINDINGS OF FACT

On December 29, 1999, the Debtors executed a note (the "Note") in favor of First Security Bank, N.A., in the amount of $771,700.00. The note was secured by a trust deed on a piece of commercial real property (the "Commercial Trust Deed" and "Commercial Property," respectively) and a trust deed on the Merricks' residence (the "Residential Trust Deed" and "Residential Property," respectively). After a number of assignments, the Note and Trust Deeds were assigned to an entity called Cranberry Financial, LLC ("Cranberry"). The Debtors defaulted on their obligation under the Note sometime prior to May 2009 and Cranberry initiated a non-judicial

---

[2]The Memorandum Decision shall constitute the Court's findings and conclusions as allowed by Fed. R. Civ. P. 52, incorporated into this proceeding by Fed. R. Bankr. P. 7052.

2

foreclosure proceedings against the Commercial and Residential Properties at that time. Cranberry appointed George Hoffman as the successor trustee (the "Successor Trustee"). In December 2009, the Successor Trustee gave notice of a foreclosure sale on the Properties that was to occur on February 4, 2010.

On February 2, 2010, the Debtors filed their chapter 13 bankruptcy (the "Petition Date"). The Debtors subsequently filed a chapter 13 plan (the "Plan"), which Cranberry objected to on several grounds, including the fact that the Plan did not provide for Cranberry's secured claim on the Residential Property. After the Plan confirmation hearing on June 15, 2010, the Court entered an order approving the Plan with modifications (the "Plan Confirmation Order"). In the Plan Confirmation Order, the Court permitted Cranberry to complete a nonjudicial foreclosure sale (the "Sale") of the Commercial Property and file an amended proof of claim within 180 days of the Plan Confirmation Order. The Note and Commercial Trust Deed were assigned to Capcar on September 13, 2010.[3] The Sale was set for November 2, 2010.

There is some dispute over what occurred next. The Debtors claim that in October 2010, VUU Corporation ("VUU") approached the Debtors with an offer to purchase the property for $610,000.00, and the Debtors forwarded this information to Cranberry. CapCar disputes this ever occurred. It is also disputed what the exact amount of CapCar's claim was at the time of the Sale. CapCar claims the amount was $619,566.19, but the Debtors argue there are improperly assessed late fees included in that amount and argue the claim is somewhere below $610,000.00. For the purposes of its motion for summary judgment, CapCar was willing to waive the dispute as to the late

---

[3]For reasons that are unclear and which do not bar the court from ruling on this motion at this time, the Residential Trust Deed was not assigned to CapCar until August 2, 2011.

fees assessed. Further, the disputes as to the facts listed above are not material to the Court's determinations in this decision.

It is undisputed is that the Sale occurred on November 2, 2010, and CapCar won the auction for the Commercial Property with a credit bid of $370,536.00. On November 30, 2010, CapCar filed an amended proof of claim (the "First Amended Proof of Claim"). The First Amended Proof of Claim asserted a claim of $119,566.19, which CapCar calculated based on its asserted amount of the total indebtedness under the note, $619,566.19 at the time of the Sale, minus its asserted amount of the fair market value of the property, $500,000.00. On January 7, 2011, the Debtors objected to the claim, asserting that the fair market value of the Commercial Property on the date of the Sale was $650,000.00. CapCar responded by again asserting the fair market value of the Commercial Property was $500,000.00 on the date of the Sale. On January 20, 2011, CapCar sold the Commercial Property to VUU for $610,000.00. On March 14, 2011, the Court held a preliminary hearing on the Debtors' objection to CapCar's claim, and ruled that the Debtors would need to file an adversary proceeding as the matter involved the valuation of a lien under Fed. R. Bankr. P. 7001.

On July 14, 2011, the Debtors filed this adversary proceeding alleging three causes of action: (1) Objection to the claim under § 502 asserting the fair market value of the Commercial Property was $665,000.00 on the date of the Sale, so that CapCar's claim should be disallowed in its entirety; (2) Objection to the claim under § 502 for insufficient documentation supporting the claim; and (3) Declaratory relief under 28 U.S.C. § 2201 and Fed. R. Bankr. P. 7001 that the Debtor's obligations under the Note were satisfied in full and any lien CapCar had against the Residential Property was satisfied by the actions of CapCar. On August 29, 2011, CapCar filed another amended proof of claim (the "Second Amended Proof of Claim") which asserted a claim of $251,670.70. CapCar

calculated this claim based on the assertion that the total indebtedness owed as of July 31, 2011, was $689,947.35 minus the credit bid on the Commercial Property of $370,536.00, which left an indebtedness of $319,411.35. CapCar then asserted the value of the Residential Property as $266,200.00, with a superior lien of $14,529.30, equaling a total claim for CapCar of $251,670.70.

CapCar filed a motion for summary judgment on all three causes of action on March 8, 2012. The Debtors filed an opposition to CapCar's motion, a motion under Fed. R. Civ. P. 56(d) that there were not enough facts to grant summary judgment, and their own motion for summary judgment on the issue of whether it was required to subtract the fair market value of the Commercial Property at the Sale from the total indebtedness to determine the amount of the claim. In effect, the Court is determining cross motions for summary judgment.

### III. DISCUSSION

#### A. **Summary Judgment Standard**

A motion for summary judgment will be granted if the pleadings, admissions on file, and affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *see also Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). Pleadings must be liberally construed in favor of the party opposing summary judgment. *Harman v. Diversified Med. Invs. Corp.*, 488 F.2d 111, 113 (10th Cir. 1973). When a moving party's motion for summary judgment is made and supported as provided in this rule, the nonmoving party's response must set forth specific facts showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(e). A fact is material if it may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Disputes as to non-material facts are not important and do not bar the entry of summary judgment. *Kaiser-Francis Oil Co. v. Producer's Gas*

*Co.*, 870 F.2d 563 (10th Cir. 1989). If the nonmoving party's evidence is "merely colorable, or is not significantly probative, there is insufficient evidence and summary judgment may be granted." *Anderson*, 477 U.S. at 249-50. On a motion for summary judgment the court cannot evaluate credibility nor can it weigh evidence. *National American Ins. Co. v. American Re-Insurance Co.*, 358 F.3d 736, 742-43 (10th Cir. 2004). It is under this standard that the Court considers the cross motions for summary judgment in this case.

### B.     Positions of the Parties

The main contested issue in this case is: when a note is secured by two pieces of collateral, and the first piece of collateral is purchased by credit bid for an amount less than the total indebtedness under the note, does Utah Code Ann. § 57-1-32 (the "Anti-Defiency Statute") require the secured creditor to subtract the fair market value of the sold collateral from the total indebtedness before pursuing the second piece of collateral? The secondary issue is whether CapCar's Second Amended Claim should be barred by: (1) the Confirmation Order's requirement that an amended claim be filed within 180 days of the Confirmation Order or (2) by CapCar's previous "judicial admissions" that the fair market value should be applied.

The Debtors argue that before CapCar is permitted to assert a secured claim against and pursue foreclosure on the Residential Property, the fair market value of the Commercial Property at the time of the Sale needs to be subtracted from the total indebtedness. They argue this may leave CapCar without a claim as they claim the fair market value of the property at the time of the Sale was greater than the total indebtedness. Accordingly, they argue summary judgment should be granted in their favor on the legal issue that the Anti-Deficiency Statute is applicable. They contend that the case should go to trial on the factual issues of the amount of total indebtedness and the fair market

6

value of the Commercial Property at the time of the Sale. They also argue that CapCar should be precluded from asserting the Second Amended Proof of Claim because the Confirmation Order required any amended proof of claim be filed within 180 days of the Confirmation Order. Additionally, they argue that CapCar's assertions that the fair market value of the Commercial Property was applicable in its First Amended Proof of Claim and other pleadings were "judicial admissions." Consequently, they contend that CapCar cannot now reverse their previously asserted position that the fair market value must be applied to the claim.

CapCar argues that summary judgment should be granted in its favor because Utah's Anti-Deficiency statute only applies to personal liability against the debtor, and it does not apply to a creditor's rights to pursue any further collateral securing the total indebtedness. CapCar argues it would be absurd for a creditor to have to go through a trial process to determine fair market value each time a creditor wanted to pursue an indebtedness secured by multiple pieces of collateral. CapCar argues that amendments to proofs of claim may be made freely, and that CapCar is not bound by any "judicial admissions" because the Second Amended Proof of Claim supersedes any other claim it made previously in the bankruptcy case. It also argues that the disputed material facts are irrelevant to determination of the legal issues presented.

C.    **Applicability of Utah's Anti-Deficiency Statute**

The Court finds CapCar's argument persuasive that Utah's Anti-Deficiency Statute is only applicable against the Debtors personally, and not applicable against the second piece of collateral. Utah's Anti-Deficiency statute states:

> At any time within three months after any [foreclosure] sale of property under a trust deed . . . an action may be commenced to recover the balance due upon the obligation for which the trust deed was given as security, and in that action the complaint shall set forth the entire amount of the indebtedness that was secured by the trust deed, the

7

   amount for which the property was sold, and the fair market value of the property at
   the date of sale. Before rendering judgment, the court shall find the fair market value
   of the property at the date of sale. The court may not render judgment for more than
   the amount by which the amount of the indebtedness with interest, costs, and
   expenses of sale, including trustee's and attorney's fees, exceeds the fair market value
   of the property as of the date of the sale.

Utah Code Ann. § 57-1-32. The Court must look to state law to determine whether the Anti-Deficiency Statute applies to CapCar's right to pursue a claim against the Residential Property. State law is applicable in these circumstances under the principle set out by the Supreme Court of the United States that "the federal bankruptcy court should take whatever steps are necessary to ensure that the mortgagee is afforded in federal bankruptcy court the same protection he would have under state law if no bankruptcy had ensued." *Butner v. U.S.*, 440 U.S. 48, 56 (1979); *see also BFP v. Resolution Trust Corp.*, 511 U.S. 531, 544-45 (1994) (finding that in the mortgage foreclosure context, unless there is clear statutory language to the contrary, the Bankruptcy Code "will be construed to adopt, rather than to displace, pre-existing state law"). Accordingly, this Court cannot extend additional protections to the Debtors that would not exist under state law.

   The Court agrees with CapCar that the Utah Supreme Court's decision in *Phillips v. Utah State Credit Union*, 811 P.2d 174 (Utah 1991) is persuasive on the issue of whether the Anti-Deficiency Statute is applicable in this context. In *Phillips*, the debtor Phillips also defaulted on a note that was secured by two pieces of collateral. *Id*. at 175. The creditor ("USCU") conducted a foreclosure sale on the first piece of collateral, credit bidding for an amount less than the total indebtedness. *Id*. Over three months passed without USCU pursuing collection. *Id*. USCU then attempted to collect the total indebtedness minus the amount of its credit bid by pursuing the second piece of collateral. *Id*. Phillips filed an action claiming that the Anti-Deficiency Statute barred USCU from pursuing collection against the second piece of collateral because more than three

8

months had passed before USCU attempted to collect. *Id*. at 176. He argued that any attempt to pursue the second piece of collateral was a legal "action" under the Anti-Deficiency Statute and thus prohibited. *Id*.

Although the facts of this case are slightly different, the Court finds that the Utah Supreme Court's language regarding the Anti-Deficiency Statute in the *Phillips* decision to be persuasive. That Court first explained the Anti-Deficiency Statute as such: "Section 57-1-32 sets forth the procedures and standards for filing a legal action to recover the balance remaining on a debtor's obligation after a nonjudicial sale of property securing the obligation. By implication, the act also prohibits further legal action against the debtor which is not in compliance with its provisions." *Id*. at 177. That Court found that USCU was not attempting to bring any legal action against Phillips for the deficiency, but rather it was pursuing its rights against the second piece of collateral. *Id*. That Court concluded that "USCU's retention and use of this additional security was not legal action, but merely a retention of its validly assigned security interest, and was not the type of 'action' against Phillips which is prohibited by [the Anti-Deficiency Statute]." *Id*. at 178. Therefore that Court concluded that the creditor is not precluded from

> making use of that additional security merely because the creditor has not sought a deficiency judgment within three months of a nonjudicial sale of one of the items covered by the trust deed property, nor is the creditor required to seek a deficiency judgment under [the Anti-Deficiency Statute] in order to maintain its right to the additional security, so long as the security is applied toward the debt owed on the original loan.

*Id*. In the present matter, the Court concludes that just as the creditor in *Phillips*, CapCar is not pursuing a claim against the Debtors personally for liability on the debt under the Note, and so the Anti-Deficiency Statute is not applicable. Accordingly, Capcar is permitted to pursue a claim against the Residential Property for the remaining indebtedness under the Note without first subtracting the

9

fair market value of the Commercial Property because such a claim is not an "action" under Utah's Anti-Deficiency Statute.

The Court is not persuaded by the Debtors' argument that this Court's decision in *In re Hopkins*, 328 B.R. 575 (Bankr. D. Utah 2005) compels a different result. In *Hopkins*, a creditor also had two pieces of collateral, one of which had been sold. *Id*. at 579. The Court applied the Anti-Deficiency statute to determine the total amount of the claim against the debtor *personally*. *Id*. at 588-89. The creditor in *Hopkins* did not seek the relief against its second piece of collateral as CapCar is seeking in this bankruptcy case, and the Court accordingly did not address the issue currently before it. As a result, the Court determines that this distinguishes *Hopkins* from the present case sufficiently to persuade the Court that *Hopkins* is not precedential. Additionally, to the extent that there is any conflict between this ruling and the *Hopkins* decision, *Hopkins* is found to be non-persuasive and the Court elects not to follow the reasoning in that decision vis-a-vis CapCar's rights against the Residential Property securing the indebtedness under the Note.

The Court is also persuaded by the rulings from other jurisdictions that have found that anti-deficiency statutes with nearly identical language to Utah's statute did not preclude a creditor from pursuing a second piece of collateral securing an indebtedness. In *Dreyfuss v. Union Bank of California*, 11 P.3d 383 (Cal. 2000), the California Supreme Court found that "a creditor may proceed seriatim in foreclosing against multiple items of collateral without commencing a judicial action to determine the fair market value of each item sold, and crediting that amount to the debt, before proceeding with foreclosure sales of any additional collateral." *Id*. at 386-87. The California Supreme Court reasoned that a "deficiency judgment" is only an action against the debtor personally, and therefore, the provisions of California's anti-deficiency statute were not applicable to a creditor

merely seeking to foreclose on multiple pieces of collateral. *Id*.; *see also Donovick v. Seattle-First Nat. Bank*, 757 P.2d 1378 (Wash. 1988) (finding the same conclusion under Washington's anti-deficiency statute). Accordingly, the Court determines that CapCar may assert a claim for the total indebtedness under the Note minus its credit bid on the Commercial Property against the Residential Property without applying Utah's Anti-Deficiency Statute.

**D.      The Debtors' Rule 56(d) Motion and Contested Issues of Fact**

The Debtors contest certain issues of fact in these proceedings, namely what the fair market value of the Commercial Property was at the time of the Sale and what the amount of total indebtedness was at the time of the Sale. The Debtor argues that such issues should preclude entry of summary judgment in favor of CapCar, or in the alternative, that the Court should grant relief under Fed. R. Civ. P. 56(d) that there is not enough evidence presented to determine summary judgment at this time. The Court determines that the factual issues raised by the Debtors do not preclude the Court from granting CapCar's motion for summary judgment on the first and third causes of action and accordingly, also denies the Debtors' motion for relief under Fed. R. Civ. P. 56(d). The Debtors' first cause of action is for a disallowance of CapCar's claim because the fair market value of the Commercial Property at the time of the Sale exceeded the total indebtedness. Similarly, the third cause of action seeks a declaratory judgment that CapCar's debt was satisfied because the fair market value of the Commercial Property at the time of the Sale exceeded the total indebtedness. It is uncontested that CapCar's credit bid was less than the total indebtedness owed at the time of the Sale. For the reasons explained in this opinion, the fair market value of the Commercial Property is irrelevant as to whether CapCar may pursue its rights against the Residential Property. Additionally, except for the legal principles specifically provided herein, this decision will

not preclude the Debtors from objecting to the amount of the total indebtedness CapCar has claimed.

E.  **Allowance of the Second Amended Proof of Claim**

The Debtors also argue CapCar's Second Amended Proof of claim should be barred because (1) the Confirmation Order required that an amended claim be filed within 180 days of the Confirmation Order, and/or (2) CapCar made previous "judicial admissions" in the First Amended Proof of Claim and other pleadings that the fair market value should be applied against the total indebtedness. However, the Court is persuaded that the Second Amended Proof of Claim is a valid amendment that supersedes all other proofs of claim filed by CapCar or Cranberry in this case. The Court of Appeals for the Tenth Circuit has found that "[l]ate-filed amendments to proofs of claim should be treated with liberality, as '[l]eave to amend in a straight bankruptcy proceeding is freely allowed where the purpose is to cure a defect in the claim as originally filed.'" *In re Unioil, Inc.*, 962 F.2d 988, 992-93 (10th Cir. 1992) (quoting *LeaseAmerica Corp. v. Eckel*, 710 F.2d 1470, 1473 (10th Cir. 1983)). This general rule is true except where the debtor can show that it would suffer actual prejudice. *In re Tanaka Bros. Farms, Inc.*, 36 F.3d 996, 998 (10th Cir. 1994).

The Court acknowledges that CapCar's actions in this case have been somewhat inattentive. However, the Court determines that the Debtors are not prejudiced by the Second Amended Proof of Claim because CapCar is asserting its rights against the Residential Property and not increasing the liability of the Debtors personally. It is true that the secured claim of CapCar that remains on the Residential Property will be resultingly higher than the Debtors wished, but that was part of the bargain and contractual obligations taken on when the Debtors first borrowed the money and pledged the Properties as collateral. This result is the natural conclusion to a situation where multiple properties are pledged for one debt. The Court does not see that this creates any more prejudice than

what already existed under the Note and Trust Deeds.

The Court also determines that the Second Amended Proof of Claim supersedes all other claims, and therefore, CapCar is not barred from asserting it based on previous "judicial admissions." To find otherwise would severely curtail creditors' abilities to file amended proofs of claim in bankruptcy proceedings. Given the lack of prejudice to the Debtors and the general policy that claims may be amended freely, the Court concludes that the Second Amended Proof of Claim is a valid claim that supersedes all other claims filed by Cranberry and CapCar in this bankruptcy case.

F.  **Sufficiency of Documentation Claim**

As a final matter, the Debtors' second cause of action was an objection to the claim on the grounds that CapCar had not shown sufficient documentation of the assignment of the Note and Trust Deeds. This was a reasonable objection as, at the time of the filing of the complaint, the Residential Trust Deed had not actually been assigned to CapCar. However, as CapCar has shown sufficient documentation that it is the holder of the Note and Trust Deeds under valid assignments, and the Debtors have not contested the validity of that documentation, summary judgment on that issue should be granted.

IV.  **CONCLUSION**

Based on the foregoing, the Court determines that CapCar has carried its burden on its motion for summary judgment, and the motion should be granted. The Court also determines that the Debtors' motion for summary judgment and motion for relief under Fed. R. Civ. P. 56(d) should be denied. This decision, except as specifically provided for herein, will not preclude the Debtors from filing any further objection to the amount of total indebtedness CapCar has claimed. A separate order will accompany this Memorandum Decision.

_____END OF DOCUMENT_____



___ooo0ooo___

# SERVICE LIST

Service of the foregoing **MEMORANDUM DECISION** will be effected through the Bankruptcy Noticing Center to each party listed below:

Stewart Merrick
295 Chipeta Way
Salt Lake City, UT 84108
    *Counsel for the Debtors*

George Hoffman
Michael Kendall
Parsons Kinghorn Harris
111 East Broadway, 11th Floor
Salt Lake City, UT 84111
    *Counsel for CapCar*